UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID EARL RAY GALLEGOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PETER L. MAXSON, JR., et al.,<br><br>　　　　　Defendant. | CASE NO. 2:23-CV-1257-DGE-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 29, 2024 |

　　　　The District Court has referred this action to United States Magistrate Judge David W. Christel. Plaintiff David Earl Ray Gallegos, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Defendants' Motion to Dismiss Pursuant to FRCP. 12(b)(6). Dkt. 12.[1]

　　　　After consideration of the relevant record, the Court concludes Plaintiff has sufficiently stated an Eighth Amendment claim of deliberate indifference against Defendants Peter L. Maxson, Jr. and Michael M. Silva. Plaintiff, however, has failed to state First and Fourteenth

---

[1] Defendants filed the Motion to Dismiss twice. Dkts. 10, 12. Therefore, the Court strikes the first Motion to Dismiss and treats the later-filed motion to dismiss as the operative motion.

REPORT AND RECOMMENDATION - 1

Amendment claims and has failed to state a claim against Defendant Brittany A. Richards. Accordingly, the Court recommends the Motion to Dismiss (Dkt. 12) be granted-in- part and denied-in-part.

I. **Background**

Plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights were violated by Defendants Silva, Maxson, and Richards related to a mental health issue he experienced at Monroe Correctional Complex. Dkt. 5. On November 13, 2023, Defendants filed the pending Motion to Dismiss, requesting dismissal of Plaintiff's claims with prejudice. Dkt. 12. Plaintiff filed a Response on November 16, 2023, and Defendants filed their Reply on December 11, 2023. Dkts. 14, 15. Plaintiff also filed a surreply. Dkt. 16.

II. **Surreply**

On December 13, 2023, Plaintiff filed a surreply without leave of Court. Dkt. 16. Pursuant to Local Rule CR 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). Plaintiff does not request to strike material contained in Defendants' Reply; rather, Plaintiff provides additional argument. *See* Dkts 15, 16. As Plaintiff has not filed a proper surreply, the Court will not consider Docket Entry 16 when ruling on the Motion to Dismiss.

III. **Standard of Review**

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

### IV. Discussion

A. *Factual Allegations*

In the Complaint, Plaintiff states that, on December 6, 2022, he was in Defendants Silva and Maxson's office attempting to write several kites to the counselor of his choice, non-party Saunders. Dkt. 5 at 4. Plaintiff reported that he was experiencing an emergency because he was

REPORT AND RECOMMENDATION - 3

harmed as a child and needed psychological support because he felt like people were touching him. *Id.*at 5. Plaintiff contends he felt safe with Mr. Saunders and sent the kites to him. *Id.* Plaintiff states that someone other than Mr. Saunders responded to the kites with improper treatment and disregard for Plaintiff's requests in the kites. *Id*. Plaintiff states he told Defendants Silva and Maxson that he needed help and these two Defendants told Plaintiff they did not care. *Id*. Defendants Silva and Maxson allegedly informed Plaintiff that what he was experiencing was not an emergency. *Id*.

Plaintiff also alleges that he was placed in lockdown. Dkt. 5 at 7. He states he asked Defendant Richards to leave his cell door. *Id*. Plaintiff contends she continued to harass Plaintiff at the front of his cell door and, as a result, Plaintiff engaged in self-harming behavior. *Id*. Plaintiff states he was checked by a registered nurse after the self-harming incident, but that he needed more support. *Id*. at 8-9.

Plaintiff states Defendant Richards falsely reported that Plaintiff exposed himself to her and he is now being retaliated against by other inmates. *Id*. at 7.[2] He also alleges he does not feel safe reporting self-harm for fear that "they" will laugh at him.

B. *Eighth Amendment Claims*

Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Dkt. 5. Specifically, he alleges Defendants Silva and Maxson did not provide him with help when he reported an emergency related to his mental health and Defendant Richards harassed him. *Id*.

---

[2] Plaintiff does not appear to allege any constitutional violation related to Defendant Richards' false reporting or the actions of other inmates. *See* Dkt. 5. Regardless, prisoners "do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983." *Whitaker v. Crane*, 2016 WL 1604822, at *2 (E.D. Cal. Apr. 21, 2016). Moreover, Plaintiff does not allege his safety is at risk because of the alleged false reporting.

REPORT AND RECOMMENDATION - 4

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* "To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*quoting Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

First, Plaintiff alleges Defendants Silva and Maxson were deliberately indifferent to Plaintiff's health and safety. As stated above, Plaintiff alleges he told Defendants Silva and Maxson that he needed help for a mental health emergency and these two Defendants told Plaintiff they did not care. *Id*. Defendants Silva and Maxson also allegedly informed Plaintiff that what he was experiencing was not an emergency. *Id*. Plaintiff states that he was not on mental health medication and needed help to discuss his safety. *Id.* Plaintiff contends he was told to go to lock down, but it is not clear who instructed him to go to lock down. *Id*.

Liberally construing the allegations in the Complaint, the Court finds Plaintiff has stated an Eighth Amendment claim. He alleges that he informed Defendants Silva and Maxson that he was experiencing a mental health emergency. Plaintiff told Defendants Silva and Maxson that he needed help and was concerned for his safety. While Plaintiff's Complaint appears to focus on past traumas, he also alleges he was afraid. In response, Defendants Silva and Maxson told Plaintiff that "they did not care" and they also told Plaintiff that what he deemed an emergency was not an emergency. Dkt. 5 at 5. While Plaintiff's Complaint is not a model of clarity, the

Court finds Plaintiff has sufficiently alleged Defendants Silva and Maxson responded with deliberate indifference to Plaintiff's health and safety.[3]

Second, Plaintiff alleges Defendant Richards violated Plaintiff's Eighth Amendment rights when she harassed Plaintiff outside his cell door despite Plaintiff asking her to leave. Dkt. 5 at 7. Plaintiff fails to allege how Defendant Richards harassed Plaintiff. Defendant Richards presence outside Plaintiff's cell is not sufficient to allege a deliberate indifference claim against her. Further, even if Defendant Richards verbally harassed Plaintiff, which the Complaint does not allege, threats are not generally sufficient to state an Eighth Amendment claim, *see Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). *See also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of verbal harassment and abuse are not sufficient to state a claim for relief under § 1983). The Complaint fails to allege facts sufficient to show what action, or inaction, Defendant Richards took that violated Plaintiff's Eighth Amendment rights. Therefore, the Court finds Plaintiff has not stated an Eighth Amendment claim against Defendant Richards.

In sum, the Court finds the Motion to Dismiss should be denied as to the Eighth Amendment claim alleged against Defendants Silva and Maxson, but granted as to the Eighth Amendment claim alleged against Defendant Richards.

C. *First and Fourteenth Amendment Claims*

Plaintiff appears to allege his First Amendment rights were violated when he was not allowed to send kites to Mr. Saunders. Dkt. 5. He also alleges his Fourteenth Amendment rights were violated when he was discriminated against.[4]

---

[3] The Court recognizes that a majority of Plaintiff's allegations related to an Eighth Amendment claim against Defendants Silva and Maxson are contained within Plaintiff's claims of First and Fourteenth Amendment violations. *See* Dkt. 5 at 4-5. However, Plaintiff alleges Eighth Amendment violations in his Complaint and he is a *pro se* prisoner. Therefore, the Court liberally construes his allegations to apply to all causes of actions.

[4] Plaintiff also appears to allege his Fourteenth Amendment rights were violated when he did not receive psychological support or treatment. Dkt. 5 at 8-10. Plaintiff has not shown how his alleged failure to receive

REPORT AND RECOMMENDATION - 6

To the extent Plaintiff is alleging Defendants failed to respond to his kites or interfered with his kites, this does not show a due process violation. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 8550, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his grievances because inmates lack a separate constitutional entitlement to a specific grievance procedure). And, while the First Amendment protects prisoners' right to file grievances and pursue civil rights litigation in federal court without retaliation, *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012), Plaintiff has not provided any allegations of retaliation because of his attempts to file grievances or kites. Therefore, the Court finds Plaintiff has failed to allege a First Amendment claim.

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The Equal Protection Clause essentially mandates that state and local governments treat alike all persons who are similarly situated. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As a general matter, to state an equal protection claim under § 1983, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren*, 152 F.3d at 1194.

In the Complaint, Plaintiff fails to a state colorable equal protection claim. Plaintiff has not sufficiently alleged Defendants acted with an intent or purpose to discriminate when they took the alleged actions against him. In addition, Plaintiff has not sufficiently alleged he is part

---

treatment violated his Fourteenth Amendment rights. He has also not identified any individual who failed to provide him with treatment. Therefore, he has failed to state a claim regarding his lack of psychological support and treatment.

REPORT AND RECOMMENDATION - 7

of a protected class. Therefore, Plaintiff fails to state colorable equal protection claims in the Complaint.

For the above stated reasons, the Court recommends the Motion to Dismiss be granted as to Plaintiff's First and Fourteenth Amendment claims.

### D.  State Law Claims

Plaintiff does not clearly allege he is raising state law claims in the Complaint. *See* Dkt. 5. However, Plaintiff references negligence in his Complaint and cites to the Revised Code of Washington in his Response to the Motion to Dismiss. *See id*.; Dkt. 14. To the extent Plaintiff is attempting to raise any state law claims, the Court finds Plaintiff has provided nothing more than a reference to the word "negligence," which is not sufficient to state a claim.

### V.    Conclusion

For the above stated reasons, the Court recommends Defendant's Motion to Dismiss (Dkt. 12) be granted-in-part and denied-in-part. The Court recommends Plaintiff's Eighth Amendment claim against Defendants Silva and Maxson proceed. The Court recommends all other claims and Defendant Richards be dismissed.

The Court directs the Clerk's Office to terminate the first motion to dismiss (Dkt. 10) as duplicative of the pending Motion to Dismiss (Dkt. 12).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on
2  March 29, 2024, as noted in the caption.
3      Dated this 13th day of March, 2024.

                                                       David W. Christel
                                                       United States Magistrate Judge

REPORT AND RECOMMENDATION - 9