UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID EARL RAY GALLEGOS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PETER L. MAXSON JR. et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cv-01257-DGE-DWC<br><br>ORDER ON REPORT AND RECOMMENDATION AND OBJECTIONS (DKT. NOS. 17, 18, 19) |

## I.   INTRODUCTION

This matter comes before the Court on United States Magistrate Judge David W. Christel's Report and Recommendation, Plaintiff's objections, and Defendants' objections. (Dkt. No. 17, 18, 19.) For the reasons discussed below, the Court AFFIRMS Judge Christel's Report and Recommendation.

## II.   DISCUSSION

The Court incorporates by reference the factual allegations summarized in the Report and Recommendation. (Dkt. No. 17 at 3–4.) Judge Christel recommends that as to Defendants Maxon and Silva, Plaintiff sufficiently stated a deliberate indifference claim under the Eighth Amendment but failed to state a claim under the First and Fourteenth Amendments. (*Id*. at 1–2.) As to Defendant Richards, Judge Christel recommends Plaintiff has failed to state a claim under all claims against her. (*Id*. at 2.) Plaintiff and Defendants timely filed objections. (Dkt. Nos. 18, 19.)

At issue is whether Plaintiff sufficiently stated a claim against Defendants Maxon and Silva as to the First, Fourteenth, and Eighth Amendment, and whether he sufficiently stated a claim against Defendant Richards as to the Eighth and Fourteenth Amendment.

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

1  complaint are true (even if doubtful in fact)." *Id*. at 555.  While "pro se pleadings must be

2  construed liberally," *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016), the complaint must

3  still allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550

4  U.S. at 547.

5      **B. Defendants Maxon and Silva**

6          1.  <u>Plaintiff's Objections (Dkt. No. 18)</u>

7      Plaintiff contests the Report and Recommendation, arguing he is entitled to relief under

8  the First and Fourteenth Amendment for his claims against Defendants Maxon and Silva.

9      His objections as to the First Amendment claim largely reiterate the claims in his

10 complaint: he asserts he has a First Amendment right to filing kite grievances and it is a

11 constitutional violation to interfere with them.  (Dkt. No. 18 at 2–3.)  Providing additional

12 information from his complaint, Plaintiff asserts in the objection that Defendants Maxon and

13 Silva were the ones to interfere with the kites.  (*Id*. at 3.)  However, Judge Christel addressed this

14 potential issue in the Report and Recommendation.  (Dkt. No. 17 at 7.)  A prisoner does retain

15 constitutional rights to file grievances and to not be retaliated against, *Entler v. Gregoire*, 872

16 F.3d 1031, 1039 (9th Cir. 2017), but Plaintiff makes no such allegations here.  Instead, Plaintiff

17 alleges he was able to file his kite, but that a different counselor than he preferred responded.

18 (Dkt. No. 5 at 5.)  To reiterate Judge Christel, an incarcerated person lacks a constitutional

19 entitlement to a specific grievance procedure, and so Plaintiff does not have a constitutional right

20 to have a specific counselor respond to his kite.  (Dkt. No. 17 at 7) (citing *Ramirez v. Galaza*,

21 334 F.3d 850, 860 (9th Cir. 2003)).

22     Thus, both Plaintiff's complaint, and the additional allegations put forth in his objections,

23 fail to state a First Amendment claim as to Defendants Maxon and Silva.

24

1   Plaintiff also asserts his Fourteenth Amendment rights were violated when he was
2   discriminated against and when he did not receive psychological support. (Dkt. No. 5 at 8–10.)
3   To put forth a colorable equal protection claim under the Fourth Amendment, a plaintiff must
4   allege the defendant "acted with an intent or purpose to discriminate against the plaintiff based
5   upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.
6   1998). As Judge Christel notes, and the Court finds independently, Plaintiff's complaint does
7   not make any such allegations. (Dkt. No. 17 at 7; Dkt. No. 5). Plaintiff's objections similarly do
8   not address the deficiency with any allegations supporting intent. (Dkt. No. 18 at 5) (concluding
9   summarily that "the defendants Maxson, Silva discriminatory actions againest [sic] my
10  psychological need with the intent to discriminate when taking actions against me for past sexual
11  abuse report handled previously by Maxon, while defendant Silva was present.").
12  Thus, the Court finds the complaint, even considering the additional support in the
13  objection, fails to state a Fourteenth Amendment claim as to Defendants Maxon and Silva.
14  2. Defendants' Objections (Dkt. No. 19)
15  Defendants object to Judge Christel's recommendation that Plaintiff's Eighth
16  Amendment claims against Defendants Maxon and Silva be allowed to proceed. (Dkt. No. 19.)
17  Defendants argue Plaintiff's claims at most amount to "unkind statements" and so do not rise to
18  the level of the deliberate indifference required for a constitutional violation. (*Id*. at 3.)

1  Plaintiff alleges he came to Defendants Maxon and Silva in distress with a mental health

2 emergency.  (Dkt. No. 5 at 4.)  Specifically, he alleges he was being inappropriately touched in

3 the prison and it was triggering past childhood traumas.  (*Id*.)  He then alleges Defendants

4 Maxon and Silva said "they did not care" about his emergency and denied that his purported

5 mental health crisis was an emergency.  (*Id*. at 5.)  He further alleges they called him

6 "delusional," told him his "abuse was not real," and send him back to lock down without further

7 examination.  (*Id*.)

8  Based on the allegations in the Complaint, and construing them liberally, the Court

9 agrees with Judge Christel's recommendation.  Plaintiff alleges he was in distress and having a

10 mental health emergency, and that this was met with Defendants' Maxon and Silva disregarding

11 his crisis and sending him back to his cell.  Although Defendants argue their words and actions,

12 while perhaps unkind, did not disregard an excessive risk to Plaintiff's health and safety,

13 ignoring someone's claims of abuse who possibly is in emotional distress might be characterized

14 as acting with deliberate indifference to their health and safety.  While Defendants may present

15 additional facts on the record at a later stage to show they took proper precautions to address

16 Plaintiff's purported emergency (such as contacting a mental health counselor, like Defendant

17 Richards, to evaluate Plaintiff), or to show it was indeed not an emergency, at the pleadings stage

18 Plaintiff's allegations are sufficient.

**C. Defendant Richards**

Plaintiff objects to the Report and Recommendation's advised dismissal of the Eighth and Fourteenth Amendment claims against Defendant Richards.

      Judge Christel advises dismissal of the Eighth Amendment claim because Plaintiff fails to allege *how* Defendant Richards harassed him. (Dkt. No. 17 at 6.) Plaintiff's objections do little to aid this deficiency. (Dkt. No. 18 at 8.) Instead, the objections merely restate that "Medical need and safety violates The Eighth Amendment, defendant Richards by harassing me 'plaintiff' violated rights of patient at cell front[.]" (*Id*.) While Plaintiff asserts Defendant Richards' harassment caused him to self-harm, he does not indicate what exactly that harassment was. (*Id*.) Thus, he fails to state an Eighth Amendment claim as to Defendant Richards.

      Plaintiff also objects to the proposed dismissal of his Fourteenth Amendment claim against Defendant Richards. He asserts in his objection his right to liberty and privacy are guaranteed under the due process clause of the Fourteenth Amendment, and that Defendant Richards violated this when she filed a false report indicating he exposed himself to her. (*Id*. at 8.) As Judge Christel discusses in the Report and Recommendation, Plaintiff's complaint itself does not appear to allege a constitutional violation as to Defendant Richards' false reporting, but even if he did, prisoners "do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983." (Dkt. No. 17 at 4) (quoting *Whitaker v. Crane*, 2016 WL 1604822, at *2 (E.D. Cal. Apr. 21, 2016)). Even if the Fourteenth Amendment claims of false reporting in the objection were incorporated into the complaint, Plaintiff would still fail to state a Fourteenth Amendment claim as to Defendant Richards.

### III. CONCLUSION

      Accordingly, having reviewed *de novo* the Report and Recommendation (Dkt. No. 17), the objections (Dkt. Nos. 18, 19), and the remainder of the record, the Court AFFIRMS and ADOPTS the Report and Recommendation. The Court ORDERS as follows:

1. Plaintiff's First and Fourth Amendment claims against Defendants Maxon and Silva are DISMISSED.
2. Plaintiff's Eighth Amendment claim as to Defendants Maxon and Silva may proceed.
3. All claims against Defendant Richards are DISMISSED.

Dated this 30th day of May 2024.

David G. Estudillo
United States District Judge