UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID EARL RAY GALLEGOS,

               Plaintiff,

    v.

PETER L. MAXSON, JR., et al.,

               Defendants.

CASE NO. 2:23-CV-1257-DGE-DWC

ORDER DENYING DISCOVERY MOTION

Currently pending in this action is Plaintiff David Earl Ray Gallegos's Motion for Interrogatories. Dkt. 27. In the Motion, Plaintiff requests Defendants respond to his request for interrogatories. *Id*. Defendants filed a response stating the parties met and conferred after the Motion was filed. Dkt. 28. Defendants request the Court strike the Motion. *Id*. Based on the record before the Court, it is not clear if Plaintiff is attempting to serve discovery on Defendants or requesting the Court compel discovery responses. Therefore, the Court will discuss both.

First, under Federal Rule of Civil Procedure 33(a)(1), "a party may serve on any other party . . . written interrogatories." Plaintiff may not serve discovery requests through the Court. *See* Local Rule 5(d) ("discovery requests and responses must not be filed until they are used in

ORDER DENYING DISCOVERY MOTION - 1

the proceedings or the court orders filing"). As Plaintiff must serve Defendants' counsel with the

discovery requests, any request that this Court serve discovery for Plaintiff is denied.

Second, if Plaintiff is requesting an order compelling Defendants to produce discovery,

he has not certified that he met and conferred with Defendants' counsel. Pursuant to Federal Rule

of Civil Procedure 37(a)(1):

> . . . The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a

disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR

37(a)(1). If the movant fails to include such a certification, the court may deny the motion

without addressing the merits of the dispute. *Id*. Plaintiff has not provided a certification, or any

other evidence, showing this is a discovery dispute and that he has attempted to meet and confer

regarding Defendants' response to interrogatories. Rather, it appears Plaintiff did not confer with

Defendants' counsel until after the Motion was filed. Therefore, any request for an order

compelling discovery responses is denied.

For the above stated reasons, Plaintiff's Motion for Interrogatories (Dkt. 27) is denied.

Dated this 12th day of July, 2024.

David W. Christel
United States Magistrate Judge

ORDER DENYING DISCOVERY MOTION - 2